# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 57317-2-II |
| Respondent, | |
| v. | |
| ANTHONY GENE HAND, | UNPUBLISHED OPINION |
| Appellant. | |

VELJACIC, J. — Anthony G. Hand appeals his judgment and sentence for possession of methamphetamine with intent to deliver, possession of heroin with intent to deliver, and bail jumping. He alleges that insufficient evidence supports his drug convictions, the jury was wrongly informed of his aliases, and ineffective assistance of counsel. In his statement of additional grounds (SAG) for review, Hand alleges evidentiary error, ineffective assistance of counsel, jury instructional error, and that proceedings were wrongly conducted outside his presence. We affirm.

## FACTS

Police arrested Hand for an outstanding felony warrant. In a search incident to arrest, police found several baggies containing methamphetamine and heroin in Hand's jacket. Three of those baggies contained heroin. The baggies weighed 6.8 grams, 0.6 grams, and 10.2 grams. Two baggies contained methamphetamine. One weighed 3.7 grams and the other weighed 24.3 grams. Additional baggies containing heroin and methamphetamine where also found in a pouch on Hand. Hand had a total of 29.8 grams of methamphetamine and 18.5 grams of heroin on him. Hand's wallet contained his identification and $128 in cash in various denominations.

After obtaining a search warrant for the vehicle that Hand exited prior to his arrest, police found a backpack containing numerous other drug-related items. The backpack contained three scales—two of the scales had drug residue on them. The backpack also contained two glass pipes and a piece of cardboard with Hand's name on it. Police also discovered a sunglasses case with tooters[1] and pipes in the vehicle's glove box.

The State charged Hand with two counts of unlawful possession of a controlled substance with intent to deliver. The caption of the information lists Hand's name and then states, "AKA Anthony Gene Bonnafield, Anthony Gene Bonnifield, Anthony G. Miera." Clerk's Papers (CP) at 3.

The trial court released Hand on bail. On December 14, 2021, Hand was ordered to appear on March 22, 2022 for trial. The court issued a bench warrant when he failed to appear for trial on that date. The State amended the information to include a bail jumping charge.

At trial, the arresting officer, Pierce County Sheriff's Detective Bradley Crawford, testified for the State. He testified that scales are commonly used to weigh illegal drugs for sale and distribution. He further testified that based on his experience, the large quantity of drugs, how they were packaged, the multiple scales, and the amount of money with multiple denominations are indicative of the distribution of drugs.

The State also called Pierce County Sheriff's Detective Jesse Hotz, who is part of a narcotics task force. Hotz testified that the items found on Hand's person and in the vehicle were associated with drug delivery rather than personal consumption. Hotz also testified that street dealers of illegal narcotics commonly purchase a large quantity of drugs and then weigh them out

---

[1] "Tooter" is a slang term used to describe a short straw segment, or some other similarly shaped object, used to inhale certain drugs.

in smaller amounts. He gave an example that a dealer may purchase a "zip" of methamphetamine, which is 28 grams. 3 Rep. of Proc. (RP) at 209. The dealer may then use scales to break down the "zip" into "teeners" or "8 balls," which are sold to individual users. 3 RP at 209. Heroin is commonly broken down into an ounce, half ounce, or quarter ounce amounts. Hotz further testified that both methamphetamine and heroin are packaged in plastic baggies for individual sales.

Hand testified on his own behalf. He admitted the methamphetamine and heroin were his, but they were for his personal use. Hand claimed that, because he was homeless, his sister, Karen Laidler, would receive his social security check each month and bring it to him. He would then use that money to buy large quantities of drugs to divide up into smaller packages for personal use. Hand testified that he divided up the drugs into smaller packages to make sure he did not overuse during the month.

During a sidebar, the trial court noted that Laidler had written a letter to the court about Hand's social security benefits, which was included in the court's record. The court inquired whether she was going to be called as a witness. Defense counsel responded that he had not heard back from Laidler, but her testimony only had "marginal value" and that if he did not hear back he would proceed without her. 4 RP at 258. Defense counsel ultimately did not call Laidler as a witness.

To support the bail jumping charge, the State offered, and the trial court admitted, the information as an exhibit. A prosecutor described the document before it was admitted and stated that the information included additional names that Hand was also known by. Defense counsel did not object.

The jury found Hand guilty as charged. At sentencing, the State recommended 60 months, which was the high end of the standard range on Hand's bail jumping conviction and the low end

3

for his possession with intent to deliver convictions. Based on Hand's numerous prior convictions, his offender score was a 9+. The trial court sentenced him to 60 months on all three convictions to be served concurrently. The court also noted that Hand's sentence was concurrent with two other criminal matters. Defense counsel did not argue at sentencing that Hand's convictions for possession of methamphetamine with intent to deliver and possession of heroin with intent to deliver constituted the same criminal conduct.

Hand appeals.

## ANALYSIS

I.    SUFFICIENCY OF THE EVIDENCE

Hand first contends that sufficient evidence does not exist to support his possession of methamphetamine with intent to deliver and possession of heroin with intent to deliver convictions. He argues that the State failed to show he had intent to deliver the drugs. We disagree.

The test for determining sufficiency of the evidence is whether, after viewing the evidence in the light most favorable to the State, any rational trier of fact could have found guilt beyond a reasonable doubt. *State v. Homan*, 181 Wn.2d 102, 105, 330 P.3d 182 (2014). In a sufficiency of the evidence claim, the defendant admits the truth of the State's evidence and all reasonable inferences drawn from that evidence. *Id*. at 106. Credibility determinations are made by the trier of fact and are not subject to review. *State v. Miller*, 179 Wn. App. 91, 105, 316 P.3d 1143 (2014). Circumstantial and direct evidence are equally reliable. *Id*.

In order to prove unlawful possession of a controlled substance with intent to deliver, the State had to prove (1) unlawful possession (2) of a controlled substance (3) with the intent to deliver. *State v. O'Connor*, 155 Wn. App. 282, 290, 229 P.3d 880 (2010); RCW 69.50.401(1). Generally, "[m]ere possession of a controlled substance, including quantities greater than needed

for personal use, is not sufficient to support an inference of intent to deliver." *O'Connor*, 155 Wn. App. at 290. But a finder of fact can infer intent to deliver from possession of a significant amount of a controlled substance plus at least one additional factor, "such as a large amount of cash or sale paraphernalia." *Id.*

Here, Hand was found with a significant amount of methamphetamine and heroin. The drugs were packaged into small baggies. Two officers testified the amounts found were consistent with distribution of drugs instead of personal use. Officers also found scales with drug residue, cash with multiple denominations, and drug paraphernalia. These items may also be associated with distribution.

While Hand testified that the drugs were for his own personal use, credibility determinations are for the trier of fact and are not subject to review. *Miller*, 179 Wn. App. at 105. Accordingly, we hold that sufficient evidence exists to convict Hand of possession of methamphetamine with intent to deliver and possession of heroin with intent to deliver.

II.     EVIDENTIARY ERROR

Hand next contends that the trial court erred in allowing the information to be submitted to the jury with his three aliases listed on the caption. This issue is not preserved for review.

A failure to object that evidence is inadmissible waives any claimed error on appeal. *State v. Burns*, 193 Wn.2d 190, 211, 438 P.3d 1183 (2019). "We adopt a strict approach because trial counsel's failure to object to the error robs the court of the opportunity to correct the error and avoid a retrial." *State v. Powell*, 166 Wn.2d 73, 82, 206 P.3d 321 (2009).

Here, Hand did not object to the admission of the information below, so there is no error preserved for appeal. Accordingly, his argument regarding the information is waived.

III.     INEFFECTIVE ASSISTANCE OF COUNSEL

Hand next alleges he was denied effective assistance of counsel.  He argues that counsel was deficient for not objecting to the admission of the information discussed above, not calling Laidler as a witness, and not arguing at sentencing that his possession of methamphetamine with intent to deliver and possession of heroin with intent to deliver convictions encompass the same criminal conduct.  We disagree.

Ineffective assistance of counsel claims arise from the Sixth Amendment to the United States Constitution and article I, section 22 of the Washington Constitution.  *State v. Vazquez*, 198 Wn.2d 239, 247, 494 P.3d 424 (2021).  To prevail on an ineffective assistance claim, the defendant must show both that (1) defense counsel's representation was deficient and (2) the deficient representation prejudiced the defendant.  *Id*. at 247-48.  Representation is deficient if, after considering all the circumstances, it falls below an objective standard of reasonableness.  *Id.*  Prejudice exists if there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have differed.  *Id*. at 248.

We apply a strong presumption that defense counsel's performance was reasonable.  *Id*. at 247.  Defense counsel's conduct is not deficient if it was based on legitimate trial strategy or tactics.  *Id.* at 248.  To rebut the strong presumption that counsel's performance was effective, the defendant bears the burden of establishing the absence of any legitimate strategic or tactical reason explaining defense counsel's conduct.  *Id*.  A decision not to call a witness "'is a matter for differences of opinion and therefore presumed to be a matter of legitimate trial tactics'" and will not support a claim of ineffective assistance of counsel.  *State v. Bogdanov*, ___ Wn.2d ___, 532 P.3d 1035, 1053 (2023) (internal quotation marks omitted) (quoting *In re Pers. Restraint of Lui*, 188 Wn.2d 525, 545, 397 P.3d 90 (2017)); *see also Vazquez*, 198 Wn.2d at 248.

6

### 1. No Objection to Information

Hand first contends counsel rendered deficient performance for failing to object to the jury seeing the "also known as" names in the caption of the information and that this error was prejudicial. Br. of App. at 26. We disagree.

Relying on *State v. Elmore*, 139 Wn.2d 250, 985 P.2d 289 (1999), *State v. Cartwright*, 76 Wn.2d 259, 456 P.2d 340 (1969), and *State v. Smith*, 55 Wn.2d 482, 348 P.2d 417 (1960), Hand argues that defense counsel should have objected to the other names evidence and that such evidence affected the jury's verdict. But even assuming counsel's performance was deficient for not objecting, Hand cannot establish prejudice. Here, there was overwhelming evidence of Hand's guilt supporting both the drug charges and the bail jumping charge. The "also known as" names listed in the caption would not likely change the outcome. As discussed above, reversal is only required if the appellant can show the result would likely have been different without the inadmissible evidence. *Vazquez*, 198 Wn.2d at 248-49. Hand fails to make this showing.

### 2. Not Calling Laidler as a Witness

Hand next contends that counsel rendered deficient performance by not calling his sister as a witness. We disagree.

During trial, Hand testified that Laidler received his social security checks for him each month and then gave the checks to him. When asked if Laidler would be called as a witness, counsel told the court he had not heard back from her and that her testimony only had "marginal value." 4 RP at 258. Indeed, there was no dispute that Hand purchased the drugs with his social security money. While Laidler's testimony may have gone to why Hand had cash in his wallet, defense counsel's decision to not call a witness to highlight for the jury that Hand was using his

social security benefits in this way was legitimate trial strategy and does not amount to deficient performance.

3.      Not Arguing Drug Convictions Encompass Same Criminal Conduct

Hand next contends that defense counsel rendered deficient performance by not raising same criminal conduct at sentencing.  We disagree.

Counsel renders deficient performance for not arguing that two offenses constitute the same criminal conduct when (1) there is a reasonable probability the trial court would have found same criminal conduct, and (2) this finding would likely affect the sentence imposed.  *State v. Phuong*, 174 Wn. App. 494, 547-48, 299 P.3d 37 (2013).  Even assuming there is a reasonable probability that the trial court would have found same criminal conduct, Hand must also demonstrate that this finding would have likely affected his sentence.  This, though, is a burden he cannot meet.

If two convictions encompass the same criminal conduct they are scored together as one point for offender score purposes.  RCW 9.94A.589(1)(a); *State v. Haddock*, 141 Wn.2d 103, 108, 3 P.3d 733 (2000).  Here, Hand has an offender score of 9+.  Even if defense counsel successfully argued that the two possession with intent to deliver convictions encompassed the same criminal conduct, there would be no change in Hand's offender score.  Thus, there would be no change in his sentencing range.  Moreover, Hand cannot show that a same criminal conduct finding would likely affect the sentence imposed especially where the court sentenced Hand to the low end of the range on the possession with intent charges, and the sentence was concurrent with sentences on the bail jumping conviction and Hand's other cases.  Therefore, Hand fails to demonstrate that his trial lawyer's decision not to argue that his possession with intent convictions encompassed the same criminal conduct amounted to ineffective assistance of counsel.

IV.    SAG ISSUES

Lastly, in his SAG, Hand argues that the State referenced the wrong cause number in opening argument, he received ineffective assistance of counsel because defense counsel failed to call a forensic psychologist, the trial court erred by not instructing the jury regarding the "Defensive Theory," and the court wrongly conducted proceedings outside Hand's presence. SAG at 2.

First, our record does not show that the prosecutor referenced the wrong cause number during opening argument. While Hand is not required to reference the record in a SAG, he must "inform the court of the nature and occurrence of alleged errors." RAP 10.10(c). Hand has failed to do so regarding this contention.

Second, discussions between Hand and defense counsel regarding whether to call a forensic psychologist is not in our record. Because the record is insufficient to review Hand's claim, we do not further address it. *See State v. McFarland*, 127 Wn.2d 322, 335, 899 P.2d 1251 (1995) ("If a defendant wishes to raise issues on appeal that require evidence or facts not in the existing trial record, the appropriate means of doing so is through a personal restraint petition [PRP].").

Similarly, Hand's claims that trial court erred by not instructing the jury regarding the "Defensive Theory" and the court wrongly conducted proceedings outside Hand's presence are not demonstrated by our record. If Hand has additional evidence or facts to support these arguments, the proper means for review is to file a PRP. *Id*.

CONCLUSION

Because Hand fails to demonstrate reversible error, we affirm his judgment and sentence.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Veljacic, J.

We concur:

Lee, P.J.

Che, J.